JOHN E. STRINGER sbn #194556  (415)934-1827 FAX-(415)934-0590
259 OAK STREET
SAN FRANCISCO, CA 94102
Attorney for Robert Beckett    **E-filing**

**FILED**

08 JUL -2 PM 4: 38

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ROBERT BECKETT, | ) |
| Plaintiff | ) |
| | ) |
| v. | ) |
| | ) |
| JAMES DAVIS, CHAIRMAN, | ) |
| CALIFORNIA BOARD OF | ) |
| PAROLE HEARINGS, | ) |
| Does 1 to 10, | ) |
| Defendants | ) |
| | ) |

**CV CASE NO 08    3196**

**RMW**

**BY FAX**

## COMPLAINT

### INTRODUCTION

This is a complaint for relief and damages under 42 U.S.C. Sec.1983 and Wilkinson v. Dotson 2005 DJDAR 2669. Plaintiff Robert Beckett, hereinafter referred to as Plaintiff, is an inmate at San Quentin State Prison. Plaintiff is serving a life sentence with the possibility of parole for first degree homicide. Under the current State of California parole scheme. Plaintiff is entitled to be considered for parole after his minimum eligible parole date. Plaintiff has been to the California Board of Parole Hearings, hereinafter referred to as the Board, four times. Plaintiff now brings this complaint alleging due process and civil rights violations in the parole-suitability proceedings as applied to Plaintiff.

## JURISDICTION

This action arises under the Constitution of the United States, Fourteenth Amendment, Due Process and Equal Protection Clauses and Title 42 U.S.C. Sec. 1983 and other applicable State of California and Federal statutes, laws and regulations.

## PARTIES

Plaintiff is a citizen of San Quentin California (San Quentin State Prison). Defendant California Board of Parole Hearings is the state authority responsible for conducting parole suitability hearings. James Davis is Chairman of the Board.

## INTRADISTRICT ASSIGNMENT

The Northern District, San Francisco Division of the Federal Court is the proper venue for this action as all events, complaints, filings and/or omissions which gave rise to the claims alleged herein occurred in San Quentin California.

## FACTUAL ALLEGATIONS

1. On 9-11-07 Plaintiff appeared before the Board for his third subsequent parole hearing or fourth hearing. At that hearing the Board denied Plaintiff parole for four years. The Board denied Plaintiff a fair and unbiased hearing in that the Board ignored all the evidence that Plaintiff was a suitable candidate for parole and interjected their individual and personal bias against Plaintiff in denying him parole. During the hearing, the Board removed Plaintiff from the hearing room. Plaintiff requested a new unbiased hearing from Defendant but was denied. (see Exhibit A).

2. Plaintiff presented an extremely favorable letter of support written by Dale A. Davidson, Deputy District Attorney for Los Angeles County, but this letter was

Law Office of John E. Stringer
239 Oak Street
San Francisco, CA 94102
(415)934-1827

not considered by the Board. The letter is clearly supportive of release and is deserving of the utmost consideration by the Board as the letter goes directly to the issue of suitability. (see Exhibit B).

3. Plaintiff has been relatively disciplinary free while incarcerated.

4. Plaintiff provided the Board with evidence of job offers, a residence, and exceptional family support.

5. While incarcerated Plaintiff has upgraded his education and participated in numerous self-help programs.

6. By denying all these accomplishments and professional evaluations the Board did not afford Plaintiff a fair and unbiased hearing nor fairly consider Plaintiff as a viable candidate for parole, a right afforded Plaintiff under California Penal Code Section 3041 (a)(b).

7. Plaintiff has suffered extreme emotional distress and physical discomfort as a result of Defendants course of conduct.

WHEREFORE, Plaintiff respectfully requests the Court to grant the following relief:

A. An order from the Court directing Defendant to schedule a new parole suitability hearing on the factual issues of suitability and not personal bias.

B. General, compensatory and exemplary damages against all Defendants for the severe emotional and physical distress caused Plaintiff.

C. Such other orders and further relief, including an award of costs and attorney fees as the Court deems just and proper.

Law Office of John L. Shingai
259 Oak Street
San Francisco, CA 94102
(415) 934-1827

1

## JURY DEMAND

2

3        Plaintiff requests a trial by jury.

4

5

6

7

8        Date:  6-1-08          Respectfully Submitted,

9

10

11                              John E. Stringer, Attorney for Plaintiff

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Law Office of John E. Stringer
259 Oak Street
San Francisco, CA 94102
(415) 934-1827

Complaint-Beckett



**Law Office of John E. Stringer**
Office-259 Oak Street
San Francisco, CA 94102
Phone (415)934-1827
Fax (415)934-0899
Email: nolojes@aol.com

# EXHIBIT A

JOHN E. STRINGER sbn #194556  (415)934-1827 FAX-(415)934-0899
259 OAK STREET
SAN FRANCISCO, CA 94102
Attorney for Robert Beckett

## STATE OF CALIFORNIA

## BOARD OF PAROLE HEARINGS

In Re: ROBERT BECKETT        )        REQUEST FOR NEW HEARING
                             )
                             )        DECLARATION OF
                             )        ROBERT BECKETT
                             )
_____)

I, Robert W. Beckett, CDC No. E29660, declare as follows and state that if

called as a witness I could competently testify thereto:

1. That I am currently an inmate at CSP-San Quentin serving a life term with

the possibility of parole for 1st degree homicide;

2. That I went before the Board of Parole Hearings on 9-11-07 for my first

subsequent hearing;

3. That I was assigned John E. Stringer as my appointed attorney and that I

had requested Mr. Stringer represent me;

4. That prior to the 9-11-07 my friend in Boise, Idaho engaged the services of

Carl "Tony" Capazolla from Redondo Beach, CA to represent me;

5. That I only learned at the hearing that Mr. Capazolla had never represented an

inmate at a BPT or BPH hearing prior to 9-11-07;

6. That although Mr. Stringer was allowed to be present at the hearing, he was

not allowed to speak as Mr. Capazolla represented to the Board that he was the

attorney of record;

7. That during the course of the hearing Mr. Capazolla did not present evidence, make objections or otherwise present my case as an experienced board attorney would be expected to do;

8. That at one point during the hearing the Commissioners remarked that my demeanor had changed and I appeared agitated and angry;

9. That the Commissioners were not aware that Mr. Capazolla was continually kicking me in the leg with sharp blows;

10. This change in demeanor caused the Commissioners to recess the hearing for a brief period and they commented on this change when making their decision;

11. That if Mr. Capazolla had not been kicking me and had presented my case in a competent manner I would not have received the four-year denial the Board decided on;

12. That because of these events I was denied my right to a fair and unbiased hearing;

13. Thus I am requesting the Board issue a miscellaneous decision striking the findings of the 9-11-07 panel and grant me a new hearing with John E. Stringer as my attorney of record.

I swear under penalty of perjury under the laws of the State of California that the forgoing is true and correct.

Date: 10-4-07                    Respectfully Submitted,

Robert W. Beckett

**Law Office of John E. Stringer**

Office-259 Oak Street
San Francisco, CA 94102
Phone (415)934-1827
Fax (415)934-0899
Email: nolojes@aol.com

# EXHIBIT B

Wd 9E-0E-01 9002/12/1 # 9#109601

Dale A. Davidson
Deputy District Attorney
Compton Branch Office
200 West Compton Blvd. #700
Compton, Calif. 90230

July 25, 2007

Miranda Franco O.A. (T)
San Quentin State Prison
Board Desk Coordinator
San Quentin, California 94964

Attn: "BPT LIFER/DESK"

Dear Ms. Franco:

RE:    Inmate ROBERT WAYNE BECKETT *(Junior)*, *DOB: 8-12-68*
       CDC #: E29660

I am writing as the Deputy District Attorney who was responsible for the prosecution of Robert Wayne Beckett, Jr., for the offense for which he now stands before the Parole Board for consideration of release on parole. I originally wrote a letter to Mr. James Gomez, Director of the Department of Corrections on April 16, 1996 regarding factors present in Mr. Beckett's case. (See enclosed letter). I am writing again eleven years later to reaffirm this letter after Mr. Beckett has served nearly twenty years in custody which never would have happened were it not for his voluntary, unexpected confession to a law enforcement officer in Colorado more than nine years after the crime was committed. There is no doubt that he would have escaped prosecution for this offense but for his conscience which would not allow him to live with the memory of his complicity in a crime instigated and dictated by his brutal, vicious father, whom he greatly feared. It is doubtful that this parole board has ever considered a case such as this where a person's conscience and nothing more was responsible for his conviction. For that reason it is my hope that you will consider this letter, along with my previous letter noted above as additional mitigation to support the evidence which will be presented at this hearing by his attorney.

There is no question in my mind that if it were not for the truthful testimony of Mr. Beckett against his father at the trial, which I also conducted, that Mr. Beckett, Sr. who was responsible for at least **two brutal murders, would never have been convicted for the heinous crimes which he committed.** In addition to the two women that Beckett Sr. murdered he was also responsible for allowing the infant child of the woman he killed and raped in Florida to die slowly of starvation and dehydration, as she laid helpless in her crib alongside the body of her lifeless mother. **Beckett Sr. was therefore responsible for the death for not two, but three deaths of innocent victims.** The picture of the dead infant and mother in the Florida case haunts me to the present day and is one of the reasons I am now writing in support of Mr. Beckett Jr.'s position.

Ms. Miranda Franco
July 25, 2007
Page Two

Mr. Beckett, Sr. was a huge, vicious man whose anger was dreaded by his son, who was no doubt intimidated by his father to such an extent that he did what he was told during the crime for which he was convicted.

Through a breach of the protective order, which was issued in this case specifically in order to keep Beckett Sr. away from his son while they were awaiting trial for murder, Beckett Senior somehow managed to convince the Sheriffs Department to allow him to speak to his son in violation of that order. There is no doubt that the increased fear thus induced by this factor contributed heavily toward Beckett Jr.'s decision not to testify against his father.

The fact that Robert Beckett Jr. would never have been apprehended for this killing but for the question of conscience noted above, certainly should be taken into consideration by the parole board as a huge mitigating factor while considering his suitability for release on parole. Even more compelling is the fact that I offered Robert Beckett, Jr. a plea to second-degree murder if he would testify against his father after Robert Beckett, Jr. confessed. He rejected my offer at that time because of fear and misplaced loyalty to his father and instead he chose to face the consequences of his actions alone.

Nevertheless, after he learned that his father had once again raped and killed an innocent woman and escaped prosecution, for which an innocent man was wrongfully convicted, he contacted me and offered to testify against his father **without asking any consideration whatsoever in terms of his own case**. He once again felt compelled by his conscience to contact me and assist in the prosecution of his own father because he felt it was the right thing to do. **Robert Beckett Jr. was directly responsible for taking this brutal killer, who was his father, off the streets where he could never kill again.**

Therefore, there is no question that if not for the testimony of Robert Beckett, Jr., his father who had killed at least twice as noted above, and been responsible for the death of an innocent infant, would never have been arrested nor brought to justice and probably would have been responsible for other killings based on his propensity for violence and killing. I cannot believe that this parole commission has ever reviewed a case with such unique circumstances as presented to you at this time.

Very few people would ever have done what Robert Beckett, Jr. did in terms of taking full responsibility for his actions when there was no way to convict him other than the confession which he gave as a matter of conscience.

It should also be known that he had far less culpability for the killing than his father, who forced him to assist in this crime. He deferred to the will of his vicious father who was extremely mean, large and hostile. There is no question that the murder for which Mr. Beckett, Jr. is now serving much of his lifetime behind bars would never have occurred without his father's instigation and coercion.

Ms. Miranda Franco
July 25, 2007
Page Three

There is no doubt in my mind that if he had not come forward and testified against his father without asking anything in return for himself at that time other innocent people would have been killed by Robert Beckett, Sr. who later died in prison.

Because of Robert Wayne Beckett, Jr.'s assistance in his father's conviction, he was not only responsible for saving the lives of other innocent individuals, but also was responsible for the release of a wrongly convicted person as indicated in my prior letter. This is a truly remarkable person who deserves every advantage that this parole board can give him at this time.

Because I am intimately aware of the facts of these cases I believe I am in the best position to comment upon the fact that I do not believe that Robert Wayne Beckett, Jr. is a threat to society. On the contrary I have never before known of a person whose conscience compelled him to confess to a murder for which he would otherwise never have been prosecuted, and assisted in the conviction of a multiple murderer. I believe this speaks to the character and quality of this individual.

I hope this parole board will give my letter which I am writing today serious consideration when contemplating whether or not to release Mr. Beckett from what essentially was a voluntary sentence, which has severely impacted his entire life, for a crime which he deeply regrets and for which he obviously has great remorse as evidenced by his past cooperation and conduct.

As noted above, Robert Beckett Jr. is serving a sentence for first degree murder instead of the sentence of second degree murder which I initially offered him. This fact along with the additional consideration that his testimony was absolutely necessary to prosecute and convict Beckett Sr., in combination with the nineteen years, ten months and twenty eight days Robert Beckett Jr. has spent in custody up to today's date, should determine that he has finally paid his debt to society in a manner seldom seen, if ever by this parole board.

Thank you for your careful consideration of this most unique case.

Very truly yours,

DALE A. DAVIDSON
Deputy District Attorney

Enclosure

cc: James Tilton, Secretary
    of Department of Corrections and Rehabilitation

# LOS ANGELES COUNTY DISTRICT ATTORNEY'S OFFICE
## BUREAU OF SPECIAL OPERATIONS • MAJOR CRIMES DIVISION

GIL GARCETTI • District Attorney
SANDRA L. BUTTITTA • Chief Deputy District Attorney
R. DAN MURPHY • Assistant District Attorney

ROBERT F. KUHNERT • Director

April 16, 1996

James Gomez, Director
Department of Corrections
State of California
1515 "S" Street
Sacramento, California 95814

Dear Mr. Gomez:

In re: Inmate ROBERT WAYNE BECKETT (Junior), dob 08-12-69
CDC No. E29660, currently on Inmate Exchange Program with
State of Idaho (Idaho Inmate No. 25208, ISCI, Boise, ID)

The purpose of this letter is to provide the Department of Corrections with updated information regarding the above referenced inmate Robert Wayne Beckett (hereinafter "Robert") and the murder of Tracey Stewart which brought Robert to prison. I was the Deputy District Attorney who prosecuted Robert in 1989. Following his conviction I expressed my views regarding this case in a 1203.01 P.C. statement. Since that time a great deal has happened in this case that the Department of Corrections should be aware of. My evaluation of Robert is substantially different now that the entire truth behind this case has come out.

I am currently assigned to the Major Crimes Division within the Los Angeles District Attorney's Office and recently concluded the successful prosecution of Robert's father. The fact that Robert's father has finally been brought to justice for this same murder. The fact that Robert's father has finally been brought to justice for this horrible crime is almost entirely the result of Robert's conduct. Robert came forward voluntarily and agreed to cooperate in this case and testify against his father. Robert asked for nothing in return. The case against his father rested exclusively on the jury believing Robert's testimony, which they did.

In my seventeen plus years as a Deputy District Attorney, Robert's testimony was the most compelling I have ever seen. I have never witnessed an individual do a more difficult thing than Robert testifying against his father. Robert today is a very different man than the person I met almost ten years ago. If part of rehabilitation is accepting responsibility for one's actions, then Robert has certainly done that.

18-115 Criminal Courts Building
210 West Temple Street
Los Angeles, CA 90012
(213) 974-3700

Furthermore, and probably even more important than the change in Robert, in contrast to my viewpoint in 1989, it is clear to all of us familiar with this case that Robert, in contrast to my for this murder as his father. His father is the single most evil man I have ever had the displeasure of encountering and it is abundantly clear that Robert was not as culpable at the time of Tracey Stewart's murder in 1981. It is my personal view that but for his father's malevolent influence Robert *would never have been involved in this murder* or any other such conduct. The state of evidence is now also clear that it was *not* Robert but his father who actually raped, tortured and ultimately strangled Tracey Stewart.

*It should also be noted that Robert Beckett was the individual who first notified law enforcement* authorities that a Florida man, John Purvis, had wrongfully been convicted of a murder of a young woman and baby, which his father actually had murdered. As a result Mr. Purvis was ultimately released and the true facts of the case, as originally related by Robert, were publicly disclosed.

While my original evaluation of Robert's involvement in this case has been altered primarily by the actions and truthful testimony of Robert at his father's trial, *the true facts of this case as* testified to by Robert have also been corroborated by other witnesses. Based on all of the above, I am hopeful that this letter will replace my original 1203.01 PC letter in Robert's Department of Corrections file. While Robert has asked for nothing, I do believe that the instrumental role *he played in bringing the appropriate people to justice should* not go unmentioned. Robert, through his compelling truthful testimony, also provided the family of Tracey Stewart a further step toward closure.

*If I can provide you with additional information, please do not hesitate to contact me.*

Very truly yours,

DALE A. DAVIDSON
Deputy District Attorney